### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MATTHEW TIGER,
*and others similarly situated,*

    Plaintiff,

v.                                                                                    CASE NO.  8:15-cv-2375-T-26AEP

DYNAMIC SPORTS NUTRITION, LLC,
*a Texas LLC*, and PBB TRADEMARK
HOLDINGS, LLC,  *a Texas LLC*,

    Defendants.
_____/

### O R D E R

**THE COURT** considers this case *sua sponte* pursuant to the provisions of Local Rule 1.02(e).  After doing so, the Court concludes that the case is due to be transferred to the Orlando Division of the Middle District of Florida.

The Plaintiff has filed a two-count class action complaint against the Defendants alleging a violation of the Florida Deceptive and Unfair Trade Practices Act on behalf of a Florida Consumer Subclass (Count I) and a claim of unjust enrichment on behalf of a Non-Florida Consumers Class (Count II).  The gravamen of the Plaintiff's complaint centers on his purchase and use of certain strength and conditioning products manufactured and distributed by the Defendants.  Plaintiff states that he "is domiciled and

residing in Orange County, Florida[,]" and that the Defendants are Texas Limited Liability Companies having their principal place of business in the state of Texas.[1]

In light of these circumstances, this case should have been instituted in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(c) in that Orange County has the greatest nexus with regard to the Plaintiff's claims against the Defendants and is located within that division.[2]  See Local Rule 1.02(b)(3).  **ACCORDINGLY**, the clerk is directed to transfer this case to the Orlando Division and to **CLOSE** the Tampa case following transfer.

**DONE AND ORDERED** at Tampa, Florida, on October 8, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1]  See paragraphs 7, 13, and 14 of Complaint.

[2]  The Court notes that the only connection to the Tampa Division is that the Plaintiff's counsel is located in Tampa.  However, that is not a relevant factor to consider under Local Rule 1.02(c) in determining the proper division within the Middle District of Florida in which a civil proceeding must be instituted.